UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARPENTERS HEALTH AND SECURITY TRUST OF WESTERN WASHINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>QUALITY FINISH, INC.,<br><br>Defendant. | CASE NO. C18-0433JLR<br><br>ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT |

Before the court is Plaintiffs Carpenters Health and Security Trust of Western Washington, Carpenters Retirement Trust of Western Washington, Carpenters-Employers Vacation Trust of Western Washington, and Carpenters-Employers Apprenticeship and Training Trust of Western Washington's (collectively, "Plaintiffs") motion for default judgment against Defendant Quality Finish, Inc. (Mot. (Dkt. # 9).)

The Local Civil Rules provide that a party seeking default judgment must set forth " a concise explanation of how all amounts were calculated," and must support this

ORDER - 1

explanation with evidence establishing the amount of the principal claim, as well as any interest and attorney's fees sought. *See* Local Rules W.D. Wash. LCR 55(b)(2). Plaintiffs' motion references various declarations in support of specific factual propositions, but generally does not provide pincites to relevant page and line numbers. (*See, e.g.*, Mot. at 5 n.13-14.) The declarations, in turn, reference a number of lengthy exhibits, but fail to cite to relevant page numbers or sections within those exhibits. (*See, e.g.*, Coty Decl. (Dkt. # 10) ¶¶ 10-11.) This format does not constitute "a concise explanation of how all amounts were calculated." Local Rules W.D. Wash. LCR 55(b)(2). Plaintiffs leave for the court the task of locating evidentiary support for the factual assertions underlying Plaintiffs' motion. The court refuses to do this work for Plaintiffs. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 ("[J]udges are not like pigs, hunting for truffles buried in briefs.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

Local Rule 55 imposes a heavy evidentiary burden on a party seeking entry of default judgment because such relief is obtained without the benefit of the adversarial process. Plaintiffs fail to satisfy that burden. Accordingly, the court DENIES Plaintiffs' motion for default judgment (Dkt. # 9) WITHOUT PREJUDICE to seeking default

//

//

//

//

//

1 | judgment in accordance with the Local Civil Rules. The court ORDERS Plaintiffs to file
2 | an amended motion for default judgment within fourteen (14) days of this order.
3 | Dated this 28th day of August, 2018.

The Honorable James L. Robart
U.S. District Court Judge